**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ALFONSO JOSE VILLALOBOS PIRELA,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **Case No. 1:26-cv-00462** <br> **Judge Matthew W. McFarland** <br> **Magistrate Judge S. Courter M. Shimeall** |
| **WARDEN, BUTLER COUNTY JAIL, *et al.*,** | : | |
| **Respondents.** | | |

**SHOW CAUSE ORDER**

This matter is before the Court on Petitioner's Emergency Motion for Immediate Release (ECF No. 16) and Motion to Shorten Response Period and for Expedited Consideration (ECF No. 17). In these Motions, Petitioner seeks immediate release and expedited consideration of his Petition, due to worsening mental health conditions and because his continued incarceration violates the Fifth Amendment Due Process Clause. Because Respondent has now responded, the Court **DENIES AS MOOT** Petitioner's Motion for expedited consideration. (ECF No. 17.)

Additionally, Petitioner also needs to demonstrate why such requested relief is not premature, given that, as noted by Respondent Kevin Raycraft, "the proper next step is for Petitioner to seek a bond redetermination with an immigration judge." (ECF No. 15, at PAGEID # 140; *see also* ECF No. 18.) Thus, although Petitioner is seeking immediate release from this Court, he has not indicated whether he has already sought a bond redetermination with an immigration judge first. Thus, it is unclear whether this matter is actually ripe for review. *See e.g. e.g.*, *Singh v. Raycraft*, No. 1:26 cv-130, 2026 WL 948367 (S.D. Ohio Apr. 8, 2026) (McFarland, J.); *see also Acevedo-Solis v. Bullock*, No. 2:26-CV-02816-BCL-TMP, 2026 WL 2137955, at *1

(W.D. Tenn. July 20, 2026) (denying a non-citizen's habeas petition for failure to exhaust administrative remedies and seek a bond hearing prior to seeking habeas relief from the court).

Accordingly, Petitioner is **ORDERED** to **SHOW CAUSE within twenty-one days** why this Court should not dismiss his Petition without prejudice for failure to exhaust his administrative remedies and seek a bond redetermination hearing before an immigration judge.

Finally, to the extent Petitioner is seeking to challenge the conditions of confinement, he cannot assert those in this habeas petition. *See e.g. Boutinkhar v. Dir., U.S. Immigr. & Customs Enf't*, No. 4:25-CV-02802-DCN, 2026 WL 815824, at *5 (N.D. Ohio Mar. 25, 2026), *report and recommendation adopted*, No. 4:25 CV 2802, 2026 WL 1166493 (N.D. Ohio Apr. 29, 2026) ("To the extent Petitioner asserts challenges the medical care he is receiving, such claims are not properly before the Court in this habeas action. . . [A] prisoner's challenge to the circumstances of his confinement may be brought under [42 U.S.C.] § 1983," meaning that, in general, a "§ 2241 petition is not the proper vehicle for a prisoner to challenge conditions of confinement." (internal citations and quotations omitted) (cleaned up)).[1]

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

[1] Although the Sixth Circuit has recognized that there are certain circumstances where such a claim could be brought under § 2241, such as "where a petitioner claims that no set of conditions would be constitutionally sufficient," this is not such a case. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). Indeed, Petitioner's Motion indicates that has worsening mental health, but has not sought treatment. (*See* ECF No. 16, at PAGEID #: 162.)